JEWELL MILLER v. THE STATE.

No. 19675.   Delivered June 15, 1938.
Rehearing denied October 12, 1938.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale in a dry area; the punishment, a fine of $100.00.

Operating under a search warrant, officers went to the home of appellant and made a search for intoxicating liquor. Appellant was not in the house at the time of the search, but her husband and three other parties were present. While the officers recovered no liquor in the house, they observed Norman Miller pour out a pint of whisky. While they were searching the house they saw appellant on premises other than her own, and about 100 yards away from her residence, running up a hill. One of the officers pursued her. We quote from his testimony, as follows: "I stepped over the fence separating the house from the bluff and saw Jewell Miller [appellant] running up the hill, with a quart of whisky in one hand and a sack in the other. I told her to stop and she didn't. I went after her. I guess I was running about forty steps before I got to where she was, and was about ten or fifteen steps from her when she broke the whisky over some rocks."

The State introduced in evidence the necks of three broken quart bottles with the seals unbroken and also the necks of broken pint bottles. The officers procured no whisky on the occasion in question. Their testimony, in its entirety, shows they reached the conclusion that appellant possessed more than a quart of whisky because of the fact that she broke several sealed quart and pint bottles carrying labels of different brands of whisky and that the sack was wet with whisky. Thus it would appear that the fact of possession of more than a quart of whisky was proved as a matter of inference from other facts in evidence.

In the state of the record the appellant timely and properly sought a charge on circumstantial evidence. We think that in declining to submit such an instruction the court fell into reversible error. It is the rule that if the main fact is proved as a matter of inference from other facts in evidence the case rests wholly in a legal sense upon circumstantial evidence. Branch's Ann. P. C., Section 1873.

Under the statute possession of more than a quart of whisky in a dry area is prima facie evidence of possession for the purpose of sale. It was under such statute that the State relied for a conviction.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State in a motion for rehearing insists that we were in error in holding that the court should have given a charge on circumstantial evidence. The facts are short and have been re-examined. It is clear that the officers could not have known that the bottle which appellant had in her hand contained whisky, or that the sack contained whisky, save from the discoveries after she had broken the bottles. This led us to say originally that proof of possession of a quart or more than a quart of whisky was "a matter of inference from other facts in evidence." We are still of opinion that the court fell into error in not charging on circumstantial evidence.

The motion for rehearing is overruled.