EDDIE J. FORD v. STATE.

No. 26,443. May 27, 1953.

*Reed and Reed,* by *J. W. Reid,* Abilene, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the possession of beer for the purpose of sale in a dry area; the punishment, five months in jail and a fine of $250.00.

The sheriff of Taylor County and his deputy, while on patrol on a Sunday afternoon, went into appellant's place of business for the purpose of observing the conduct of the patrons. As they entered they saw several people seated at tables with paper cups before them. The officers walked to the rear of the establishment, picked up one paper cup, and detected the odor of beer therefrom. Thereafter, they saw six quart bottles of beer in an open cooler, and a further search yielded three additional quarts of beer. Certain broken, empty beer bottles were also found behind the counter.

These are the facts upon which the conviction rests. It is apparent therefrom that the appellant was shown to be in possession of 288 ounces of beer and no more. This amount is just short of what is required to raise a presumption that the beer was possessed for the purpose of sale. Article 667-25, Vernon's Ann. P. C.

Appellant complains because of the refusal of the court to grant his specially requested charge on circumstantial evidence.

We must determine whether the paper cups, one of which smelled of beer, the broken, empty beer bottles, and the fact that such were found in a place of business constitute direct or circumstantial evidence of guilt of the charge against the appellant.

We have concluded that such facts were circumstances rather than direct proof of the fact that appellant had the beer for sale and that, therefore, the learned trial court fell into error in not giving the requested charge. Miller v. State, 135 Tex. Cr.

R. 309, 119 S. W. 2d 1052, and Hinton v. State, 135 Tex. Cr. R. 400, 120 S. W. 2d 1053.

The judgment is reversed and the cause remanded.